

# THE ATTORNEY GENERAL

# OF TEXAS

## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 20, 1948

Hon. Geo. W. Cox, M.D.
State Health Officer
Department of Health
Austin, Texas

Opinion No. V-724.

Re: Necessity of certifi-
cation as competent
water works operators
of individuals process-
ing water for bottled
sale. ·

Dear Sir:

Your request for an opinion of this depart-
ment is as follows:

"The request is made in an effort to
comply with Section 11(a) of the General
Sanitation Law of 1945, enacted by the 49th
Legislature. The plan or procedure of is-
suing certificates of competency under this
Statute now employed by the State Depart-
ment of Health, is designed for application
entirely to the owners or managers of pri-
vately owned or publicly owned public water
supply systems where conveyance of the wa-
ter to the public is undertaken through a
water supply piping system and is made avail-
able to the householders through service con-
nections between the house plumbing and the
water supply mains.

"No attempt has heretofore been made
to certify as to the competency of individ-
uals involved in the processing of water
placed in artificial containers such as 5-
gallon bottles, for sale to the public,
since it appears from the wording of the
Law that the statute was intended to apply
to public water supply systems only. It
would be appreciated if you could clarify
this question for us, advising us as to
whether this Statute does refer to the dis-
tributors of bottled water."

Hon. Geo. W. Cox, M.D., page 2  (V-724)

Section 11(a) of Article 4477-1, V.C.S. is as follows:

"(a)  No district, municipality, firm, corporation, or individual shall furnish to the public any drinking water for which any charge is made, unless the production, processing, treatment, and distribution is at all times under the supervision of a competent water works operator holding a valid certificate of competency issued under direction of the Texas State Department of Health."

We have been reliably informed that the distribution of bottled water entails a processing treatment by the bottling company, thereby changing the quality of the water after it leaves the city water supply.  Such water is distributed in artificial containers.  Since the same is furnished to the public as drinking water, each bottling company is required to employ a competent water works operator holding a certificate of competency from the Texas State Department of Health.

Drinking water is defined by the Act as "All water distributed by any agency or individual, public or private, for the purpose of human consumption or which may be used in the preparation of foods or beverages or for the cleansing of any utensil or article used in the course of preparation or consumption of food or beverages for human beings.  The term 'Drinking Water' shall also include all water supplied for human consumption or used by any institution catering to the public," and a water supply is defined as "Any source or reservoir of water distributed to and used for human consumption."

It will be seen that the Legislature intended, by the enactment of Article 4477-1,V.C.S., that all drinking water furnished by another for human consumption should be under strict supervision.  The Article was applied to an individual in the case of Riley v. Davidson, 196 S.W.(2d) 557, and it was intimated that all who deal with a water supply should be under the supervision of the State Health Department.

SUMMARY

A water bottling company distributing drinking water in artificial containers for human consumption must do so under the supervision of a competent water works operator holding a valid certificate of competency from the State Health Department.  Sec. 11 (a) Article 4477-1, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BW:b:mw:bh

By
Burnell Waldrep
Assistant


APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL